# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-5459**

**September Term, 2025**

**1:24-cv-00639-TJK**

**Filed On:** June 4, 2026

Toby Stover, an individual,

      Appellant

    v.

National Park Service, et al.,

      Appellees


**BEFORE:**    Henderson, Pillard, and Rao, Circuit Judges

## O R D E R

Upon consideration of the motion for summary affirmance, the response thereto, and the reply, it is

**ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court correctly concluded that appellant's assertions of past harm cannot support her claim for prospective declaratory relief. See Dearth v. Holder, 641 F.3d 499, 501 (D.C. Cir. 2011). As for future harm, appellant alleges in her amended complaint that she wishes to be able to visit the National Park Service ("NPS") site at issue in this case "whenever she wants." Although appellant does not claim an inability to use a form of payment accepted by NPS, she alleges that she will not visit the site if she continues to be denied her asserted statutory right to pay the entrance fee in cash. The district court correctly concluded that this allegation was insufficiently concrete and insufficiently imminent to establish constitutional standing. See TransUnion LLC v. Ramirez, 594 U.S. 413, 424, 431 (2021) (standing requires a "concrete" injury that is "real, and not abstract," and a violation of an abstract statutory right without a corresponding concrete injury is insufficient to establish standing); Lujan v. Defs. of Wildlife, 504 U.S. 555, 564 (1992) ("'Some day' intentions – without any description of concrete plans, or even any specification of when the some day will be – do not support a finding of the 'actual or imminent' injury that our cases require."). Furthermore, contrary to appellant's suggestion, the district court reached its decision on standing without assessing the

merits of her claims.  Having done so, the court properly dismissed the case rather than proceeding to the merits.  See, e.g., Grocery Mfrs. Ass'n v. EPA, 693 F.3d 169, 179 (D.C. Cir. 2012) ("[W]e must find Article III standing before addressing the merits of a case.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**